**UNITED STATES of America,**
**Appellee,**

v.

**William TISDOL, Defendant–Appellant.**

**No. 07–0359–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 7, 2008.

Timothy P. Pothin, Lynch, Traub, Keefe & Errante, P.C., New Haven, Connecticut, for Appellant.

Brian P. Leaming, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, of counsel), for Kevin J. O'Connor, United States Attorney for the District of Connecticut, Hartford, Connecticut, for Appellee.

PRESENT: Honorable REENA RAGGI, Honorable RICHARD C. WESLEY, Honorable DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Defendant William Tisdol, who was convicted after trial of possession with intent to distribute five grams or more of cocaine base, *see* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and sentenced principally to 140 months' imprisonment, appeals his conviction and sentence. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### I. *Evidentiary Challenges*

Tisdol submits that his conviction is a product of inadmissible evidence, specifically (A) drugs seized from his person after an unlawful police stop of a taxicab in which he was a passenger, and (B) recorded statements made by him while incarcerated. Both arguments are without merit.

### A. *The Crack Seizure*

Tisdol asserts that crack cocaine seized from his person incident to a police stop should have been suppressed for two reasons: (1) the stop was not supported by a traffic violation by the taxicab in which he was a passenger and, even if it were, (2) that rationale for the stop was a pretext for larger investigative purposes. In reviewing a challenge to a *Terry* stop, *see Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), we review the district court's factual findings for clear error—viewing the evidence in the light most favorable to the government—and its legal conclusions *de novo. See United States v. Rommy*, 506 F.3d 108, 128 (2d Cir.2007).

■ Tisdol claims that the district court clearly erred in finding the challenged stop supported by police observations of the taxicab making an illegal U-turn. He submits that the court should have found that the U-turn occurred at a site where the maneuver was legal. The argument effectively requires us to identify error in the district court's credibility determinations with respect to alleged inconsistencies between witnesses' prior and hearing testimony, and as between prosecution and defense witnesses. The law, however, instructs us to accord "particularly strong deference" to such determinations. *United States v. Mendez*, 315 F.3d 132, 135 (2d Cir.2002). Mindful of this principle, we identify no error, let alone clear error, in the district court's finding that the taxicab was lawfully stopped for a traffic violation.

To the extent Tisdol argues that the pretextual use of a traffic violation to stop the cab compelled suppression of the drugs seized from him, the law is to the contrary. *See Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (holding "constitutional reasonableness of traffic stops" does not depend "on the actual motivations of the individual officers involved"); *United States v. Dhinsa*, 171 F.3d 721, 724–25 (2d Cir.1998) (holding that "officer's use of a traffic violation as a pretext to stop a car in order to obtain evidence for some more serious crime is of no constitutional significance"). Tisdol's argument that Connecticut law did not authorize the officers to arrest him for the illegal U-turn does not affect the legitimacy of either the *Terry* stop, *see Whren v. United States*, 517 U.S. at 813, 116 S.Ct. 1769 (announcing holding with respect to "civil traffic violation[s]" generally), or the ensuing pat down, *see Terry v. Ohio*, 392 U.S. at 27, 88 S.Ct. 1868 (upholding pat down incident to stop "regardless of whether" police have "probable cause to arrest the individual for a crime").

In sum, we conclude that the district court correctly denied Tisdol's motion to suppress the seized crack cocaine.

### B. *Defendant's Recorded Admissions*

Tisdol faults the district court's decision to admit evidence of an August 17, 2006 telephone conversation recorded while he was in pre-trial detention, in which he stated that "a year ago" he had been "selling drugs." We review a district court's evidentiary rulings for abuse of discretion, *see United States v. Thompson*, 528 F.3d 110, 120 (2d Cir.2008), and we identify none in this case, *see United States v. Dhinsa*, 243 F.3d 635, 649 (2d Cir.2001) (noting that challenged evidentiary rulings must be "arbitrary and irrational" to demonstrate abuse of discretion).

■ The district court admitted the challenged statement not pursuant to Fed. R.Evid. 404(b) (uncharged crimes), but pursuant to Fed.R.Evid. 801(d)(2) as an admission of Tisdol's intent to distribute drugs possessed in August 2005, the month of the charged crack possession. *See United States v. Quinones*, 511 F.3d 289, 308 (2d Cir.2007) (noting that Rule 404(b) "has no bearing on the admissibility

of acts that are part of the charged crime"). Although Tisdol contends that the 2006 statement was not probative of his 2005 intent, that argument—which he was free to make to the jury—is not so compelling as to permit us to hold the statement irrelevant as a matter of law, *see* Fed.R.Evid. 401. Nor can we conclude that the district court exceeded its discretion in finding that the probative value of the statement outweighed any possible unfair prejudice. *See United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir.2008) ("District courts have broad discretion to balance probative value against possible prejudice, and we will not disturb that balancing unless there is a clear showing of abuse of discretion . . . ." (internal citation and quotation marks omitted)).

### III. *Sentencing Challenge*

Tisdol contends that his 140–month within-Guidelines sentence was procedurally unreasonable because the district court treated the Guidelines as mandatory and substantively unreasonable because it was greater than necessary to achieve the purposes of sentencing outlined in 18 U.S.C. § 3553(a). *See Gall v. United States*, — U.S. ——, 128 S.Ct. 586, 597, 600, 169 L.Ed.2d 445 (2007) (identifying procedural and substantive components of reasonableness review); *United States v. Jones*, 531 F.3d 163, 170 (2d Cir.2008) (observing that, in the aftermath of *United States v. Booker*, 543 U.S. 220, 262, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), reasonableness review of sentences is "limited to identifying abuse of discretion").

■ We will not now undertake full reasonableness review of Tisdol's sentence, however, because we identify two threshold concerns warranting remand. First, Tisdol was sentenced pursuant to the 2006 Guidelines for crack offenses, *see* U.S.S.G. § 2D1.1(c) (2006), which have since been retroactively amended in his favor by the Sentencing Commission. *See United States v. Regalado*, 518 F.3d 143, 150 (2d Cir.2008); U.S.S.G. § 1B1.10(c) (2007). Second, Tisdol argued before the district court that the 2006 Guidelines were "unnecessarily harsh" and "discriminatory" in their treatment of crack cocaine relative to powder cocaine, although he conceded that a policy-based variance was precluded by existing circuit precedent. Sentencing Tr. at 30 (Jan. 25, 2007); *see, e.g., United States v. Castillo*, 460 F.3d 337, 340 (2d Cir.2006). The Supreme Court, however, overruled this precedent in *Kimbrough v. United States*, — U.S. ——, 128 S.Ct. 558, 566 n. 4, 169 L.Ed.2d 481 (2007), holding that district courts could rely on policy disagreements with the Sentencing Commission, particularly regarding the crack Guidelines, in imposing non-Guidelines sentences, *see id.* at 575. Under these unusual circumstances, where a district court presented with a policy challenge to the crack Guidelines may not have understood the scope of its sentencing discretion as recognized by the Supreme Court in *Kimbrough, see id.* at 574–75, we have concluded that the sentence should be vacated and the case remanded for "further proceedings consistent with *Kimbrough* and *Gall*" and the revised crack Guidelines. *See United States v. Jones*, 531 F.3d at 181.

Accordingly, we conclude that the judgment is AFFIRMED insofar as it reflects Tisdol's conviction for possession with intent to distribute five grams or more of crack cocaine, but that his sentence is VACATED and the case REMANDED for the limited purpose of resentencing consistent with this order.