**UNITED STATES of America,**
**Appellee,**

v.

**Jeffrey LUTZ, Chad Lutz, Defendants–**
**Appellants.**

**Nos. 07–5188–cr, 07–5307–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 3, 2008.

Nancy J. Creswell, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, on the brief), for Thomas D. Anderson, United States Attorney for the District of Vermont, Burlington, VT. (on submission), for Appellee.

J. Scott Porter, Seneca Falls, N.Y. (on submission), for Defendant–Appellant Jeffrey Lutz.

Elizabeth D. Mann, Assistant Federal Public Defender, for Michael L. Desautels, Federal Public Defender, Burlington, VT. (on submission), for Defendant–Appellant Chad Lutz.

PRESENT: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER and Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Defendants–Appellants Jeffrey and Chad Lutz ("Appellants") appeal from their sentences imposed by the United States District Court for the District of Vermont (Sessions, *J.*) following their guilty pleas on cocaine-related offenses involving cocaine base ("crack cocaine"). We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

Appellants argue on appeal that they are entitled to a remand for resentencing to give the District Court an opportunity to reconsider its sentence in light of the Supreme Court's recent decision in *Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). *See United States v. Regalado,* 518 F.3d 143 (2d Cir.2008) (per curiam).

In *Regalado,* this Court recognized that remand is necessary where "it is impossible to know, *ex post,* whether the court would have exercised its discretion to mitigate the sentencing range produced by the 100–to–1 [crack-to-powder cocaine] disparity." *Id.* at 147. Remand in these circumstances is designed to give a district court "an opportunity to indicate whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines to serve those objectives." *Id.* at 149.

Here, remand pursuant to *Regalado* would be futile and is therefore unnecessary. The District Court made a point to state "for the record," that it did not think that *Kimbrough* "would make any difference to me at this point. . . . I don't think it would have an impact at all." **[A. 94]** Moreover, the District Court understood that it could impose non-Guidelines sentences that reflected its judgment about the crack-to-powder disparity. It simply chose not to exercise this discretion, opting instead to impose Guidelines-range sentences. This choice was not unreasonable.

We have considered all of Appellants' claims and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.