SUMMARY ORDER
In this appeal from the judgment entered on May 20, 2008, by the United *814 States District Court for the District of Vermont (Sessions, J.), defendant-appellant John Chinnici (“Chinnici”) challenges the 90-month sentence that was imposed. Chinnici was convicted upon his plea of guilty to being a convicted felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). We assume the parties’ familiarity with the factual background, procedural history and issues raised in this appeal.
At sentencing, the district court calculated the advisory Guidelines range finding that: (i) the base offense level was twenty; (ii) a four-level increase applied because the firearms were transferred to another with knowledge they would be used in the commission of a felony; (iii) a two-level increase applied because the firearms were stolen; and (iv) a six-level increase applied because more than twenty-five firearms were involved. The district court determined Chinnici’s criminal history category to be Category III and proceeded to consider the 18 U.S.C. § 3553(a) factors, explaining why adjustments of the offense level and criminal history category were warranted. The court adjusted the criminal history category from III to II and the offense level from thirty-two to twenty-eight, placing Chinnici at the Guidelines range of 87 to 108 months imprisonment. It sentenced him principally to ninety months imprisonment followed by a two-year term of supervised release.
We review sentences imposed by a district court for procedural and substantive reasonableness, which is “the familiar abuse-of-discretion standard of review.” Gall v. United States, — U.S. -, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). In determining whether a sentence is reasonable, we “must first ensure that the district court committed no significant procedural error,” such as failing to calculate the sentencing range, treating the Guidelines as mandatory, failing to consider the Section 3553(a) factors, choosing a sentence based on clearly erroneous facts or failing to explain adequately the sentence to be imposed, including any variance from the Guidelines range. Id. at 597. If the district court’s decision is procedurally reasonable, we then consider the substantive reasonableness of the sentence for abuse of discretion. Id. If the sentence is outside of the Guidelines range, we may consider the extent of the deviation, giving deference to the district court’s decision that the Section 3553(a) factors, in totality, justify the deviation. Id. After determining the appropriate sentence, the sentencing court “must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.” Id. Absent record evidence to the contrary, we presume that a sentencing court has discharged its duty to consider the statutory factors. See United States v. Fernandez, 443 F.3d 19, 30 (2d Cir.2006). “We have disavowed formulaic requirements and ‘robotic incantations’ for discharging a court’s duties during sentencing.” United States v. Keller, 539 F.3d 97, 101 (2d Cir.2008)(internal citations and punctuation marks omitted).
We find that no procedural error occurred at Chinnici’s sentencing. Chinnici proposes and would have us mandate that in imposing a sentence sufficient, but not greater than necessary, to comply with the statutory purposes, see 18 U.S.C. § 3553(a), a sentencing court should start “with a minimal sentence” and then, if it determines that sentence is insufficient for one or more statutory purposes, proceed “to a slightly higher sentence,” repeating the assessment until the appropriate sentence is reached. His formulaic approach grounded in the parsimony clause finds no support in the jurisprudence of sentencing law and is contraindicated by Gall. The *815 district court followed the required steps, as articulated by the Supreme Court in Gall. The court started by calculating the applicable Guidelines range of 151 to 188 months imprisonment. The court noted in its Statement of Reasons for Sentence that, because the statutory maximum sentence of 120 months is lower than the Guidelines range, the lower statutory maximum sentence of 120 months becomes the Guidelines sentence. See U.S.S.G. § 5Gl.l(a). At Chinnici’s sentence hearing, the court explained specifically why it believed the non-Guidelines sentence it imposed was warranted. Moreover, responding to Chinnici’s claim that the district court erred in calculating its downward departure by starting at the higher Guidelines range rather than the lower maximum sentence, the court indicated that it would have imposed the same sentence even if the determinations of the Guidelines calculations, as the court formulated them, were different.
It is clear, therefore, that the district court complied with § 3553(a) and did not commit any error in arriving at the sentence it believed was sufficient but not greater than necessary to comply with the statutory purposes. The record demonstrates that the district court granted Chinniei’s request for a downward adjustment pursuant to § 3553(a) and imposed a sentence below the Guidelines range of 120 months because it believed, after considering the applicable range and all of the § 3553(a) factors, that ninety months imprisonment was the appropriate sentence. It is also clear from the district court’s remarks at sentencing that it imposed the ninety-month sentence upon due consideration of appropriate statutory factors and was not influenced by any misapprehension of the applicable law. See United States v. Sanchez, 517 F.3d 651, 661-62 (2d Cir.2008).
To the extent that Chinnici argues his sentence is substantively unreasonable, we reject that argument as meritless. We find that the district court did not abuse its discretion when it imposed the non-Guidelines sentence because that sentence was based on a careful consideration of the 18 U.S.C. § 3553(a) factors, which in totality justify the extent of deviation from the Guidelines range. See United States v. Regalado, 518 F.3d 143, 146-47 (2d Cir.2008).*
For the foregoing reasons, the judgment of the district court is AFFIRMED.

 Because we find that the district court made no error in imposing the sentence it did, we do not address the Government's assertion that a portion of Chinnici’s argument on appeal was not made below and should only be reviewed for plain error.