UNITED STATES of America, Appellee,

v.

Rasue BARNETT, Christian Williams, Defendants–Appellants.

Nos. 04–6661–cr(L), 05–1282–cr.

United States Court of Appeals, Second Circuit.

May 29, 2008.

42

Craig P. Schlanger, Syracuse, NY, for Defendant–Appellant, Rasue Barnett.

Molly Corbett, Federal Public Defender (Alexander Bunin, on the brief) Albany, NY, for Defendant–Appellant, Christian Willaims.

Elizabeth S. Riker, Assistant U.S. Attorney (Glenn T. Suddaby, U.S. Attorney, on the brief, John M. Katko, Assistant U.S. Attorney, of counsel), U.S. Attorney's Office for the Northern District of New York, Syracuse, NY, for the United States.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendants-appellants Rasue Barnett and Christian Williams appeal from judgments of the U.S. District Court for the Northern District of New York, sentencing them respectively to 168 months' and 480 months' imprisonment, after each pleaded guilty to conspiring to engage in a pattern of racketeering activity. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

■ Barnett challenges his sentence on two grounds. First, he argues that he was a "minor participant" in the conspiracy, and the District Court erred by denying Barnett's application to reduce his Guidelines offense level on that basis. "We review for clear error a sentencing court's finding that a defendant did not play a minor role in the offense." *United States v. Castano*, 234 F.3d 111, 113 (2d Cir.2000). The District Court rejected Barnett's request for a minor role adjustment because of Barnett's (1) eight-year membership in the conspiracy, (2) gun possession, (3) drug dealing at various levels, (4) involvement in acts of violence, and (5) various other indicia of status within the organization. Barnett urges that he never committed an act of violence and, indeed, never even used the firearms in his possession except for an accidental discharge that resulted in his hospitalization for a self-inflicted gunshot wound. Even if Barnett's representations are credited, however, they do not make him "substantially less culpable than the average participant" in the conspiracy, U.S.S.G. § 3B1.2 cmt. n. 3(a), in light of

his long-standing involvement with the organization in multiple capacities. As for his self-inflicted gunshot wound, incompetence does not provide a basis for a minor role adjustment. Accordingly, there was no error, much less clear error, in the District Court's denial of Barnett's request for a minor role adjustment. Second, Barnett requests a remand so that he may "argue that the Guidelines sentence resulting from application of the 'crack/powder disparity' was unreasonable." The government concedes that Barnett is entitled to a remand for the limited purpose of determining whether he should be resentenced in light of the new sentencing regime set forth in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), including the fact that "the cocaine Guidelines, like all other Guidelines, are advisory only," *Kimbrough v. United States*, 552 U.S. ——, 128 S.Ct. 558, 564, 169 L.Ed.2d 481 (2007). We agree and therefore remand the sentence to the District Court, pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), and *United States v. Regalado*, 518 F.3d 143 (2d Cir.2008), for further proceedings consistent with *Booker* and *Kimbrough*.

 Christian Williams seeks the vacatur of his conviction because of the government's alleged breach of a plea agreement. In the alternative, he argues that his sentence should be vacated because the District Court (1) penalized him for not testifying at a co-defendant's trial, (2) considered his Guidelines range to be mandatory, and (3) failed to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). None of these challenges have any merit. First, the government did not breach the plea agreement when it recommended a sentence sixty months greater than the minimum of Williams's Guidelines range. Although the government agreed to "not oppose the imposition of the least severe sentence permitted within the applicable Sentencing Guidelines range determined by the Court" in Williams's plea agreement, the government was relieved from that obligation when Williams refused to testify at a codefendant's trial. Pursuant to a cooperation agreement between Williams and the government, Williams agreed to testify at "any trial or other proceeding" upon the government's request. His refusal to testify at a co-defendant's trial breached that agreement, and under the terms of the cooperation agreement, Williams's breach authorized the government to void both that agreement and the plea agreement. Accordingly, the government did not breach the plea agreement by pressing for a more severe sentence, and Williams's conviction will not be vacated on that basis. Second, Williams's assertion that the District Court penalized him for not testifying is contradicted by the Court's statement at sentencing that it would not "use the fact that [Williams] chose not to cooperate with the government against him," and nothing in the record suggests that the Court did otherwise. Finally, Williams's argument that the District Court erroneously construed the Guidelines range as mandatory and failed to consider the § 3553(a) factors finds no support whatsoever in the record. Williams was sentenced on March 4, 2005, two months after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), established that the Sentencing Guidelines were advisory. There is no doubt that the District Court was aware of this development, as it stated at the sentencing hearing that the Guidelines were "advisory." In addition, the Court indicated that it considered the "factors outlined in 18 U.S.C. § 3553(a)" before imposing sentence. Williams points to nothing in the record to the contrary, and "we presume, in the absence of record evidence suggest-

ing otherwise, that a sentencing judge has faithfully discharged [his] duty to consider the statutory [sentencing] factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir.2006). For these reasons, we reject all of Williams's challenges to his conviction and sentence.

Accordingly, we AFFIRM the judgments of the District Court in all respects, except that we REMAND the sentence of Rasue Barnett (04–6661–cr) pursuant to the procedures set forth in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), and *United States v. Regalado*, 518 F.3d 143 (2d Cir.2008), for further proceedings consistent with this order.