**UNITED STATES of America,**
**Appellee,**

v.

**Rafael GONZALES, also known as**
**Rafael Gonzalez, Defendant–**
**Appellant,**

Jose Negron, also known as The Pope, Julio Silvero, Angel Maldonado, Alexis Pratts, Christian Silverio, also known as Grimy, John Rodriguez, Lionel Piniero, Edwin Cadet, also known as Nate Brown, Defendants.

No. 07–1562–cr.

United States Court of Appeals, Second Circuit.

June 24, 2008.

Lawrence Gerzog, New York, NY, for Defendant–Appellant.

Elizabeth A. Geddes, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, of counsel; Benton J. Campbell, United States Attorney for the Eastern District of New York, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, Hon. WILLIAM K. SESSIONS, III, District Judge.[1]

## SUMMARY ORDER

Defendant-appellant Rafael Gonzales appeals from an order of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge* ), entered on March 29, 2007, denying Gonzales' motion for a reduced sentence, after having originally sentenced him upon a guilty plea principally to 121 months' imprisonment for one count of kidnaping in the aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), and one count of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a), and 84 months' consecutive imprisonment for one count of knowingly and intentionally possessing and brandishing a firearm in the furtherance of the kidnaping, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), by judgment entered on April 10, 2001. We assume the parties' familiarity with the relevant procedural history, facts, and issues on appeal.

Gonzales first argues that, although he had no automatic right to counsel in seeking a reduction in his sentence under 18 U.S.C. § 3582(c)(2), once the District Court appointed counsel and his counsel failed to advocate on his behalf, the Dis-

---

1. The Honorable William K. Sessions III, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

trict Court violated Gonzales' constitutional rights. Gonzales' argument fails. Even assuming Gonzales had a right to counsel, he must demonstrate that the representation (1) "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (2) prejudiced him, *id.* at 693, 104 S.Ct. 2052. Though Gonzales states that the issue was controverted below, Gonzales makes no argument for why his motion to reduce his sentence should have resulted in a lower Guidelines range. The only potential reduction available to Gonzales was through Amendment 599,[2] which applies retroactively through U.S.S.G. § 1B1.10(c) and provides that where a sentence is imposed under 18 U.S.C. § 924(c) in conjunction with a sentence for an underlying offense, the court should not apply an enhancement for possession, brandishing, use or discharge of a firearm to that underlying offense. *See* U.S.S.G. § 2K2.4, Application Note 4. However, as the sentence imposed under § 924(c) was only arguably imposed in conjunction with one of three robbery counts for which the enhancement was given, and the ultimate offense level remained the same based on the two remaining robbery counts, the ultimate Guidelines calculation would not have been different. *See id.* ("[I]f a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction."). "Failure to make a meritless argument does not amount to ineffective assistance." *United States v. Regalado*, 518 F.3d 143, 150 n. 3 (2d Cir.2008) (internal quotation marks and alteration omitted).

We also reject Gonzales' argument that the District Court committed procedural error in determining not to modify the sentence. When a defendant's "term of imprisonment" is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," the court may reduce the sentence "after considering the factors set forth in [18 U.S.C. § ] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Here, the District Court clearly reviewed Gonzales' argument and proceeded to consider the factors set forth in § 3553(a), as required by § 3582(c)(2). It then determined that the sentence, as imposed, best reflected those factors. This determination merits "due deference." *See Gall v. United States*, — U.S. —, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We thus reject Gonzales' argument, and conclude that the sentence was well within the broad range of reasonable sentences that the District Court could have imposed. *See United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.), *cert. denied*, — U.S. —, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006).

We have considered all of the defendant-appellant's remaining arguments and find them without merit. Accordingly, the judgment of the District Court is AFFIRMED.

---

**2.** Gonzales' motion to reduce his sentence also cited Amendment 598, however, that amendment does not apply retroactively, and

is not pressed on appeal. Thus, we do not consider it.