**UNITED STATES of America,**
**Appellee,**

v.

**Albir ALKHABBAZ, Defendant–**
**Appellant.**

No. 07–4679–cr.

United States Court of Appeals,
Second Circuit.

March 23, 2009.

Joseph P. Facciponti, Assistant United States Attorney (Michael A. Levy, Assistant United States Attorney), for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, New York, for Appellee.

Michael K. Bachrach, New York, New York, for Defendant–Appellant.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges, Hon. CHARLES S. HAIGHT, JR., District Judge.*

* The Honorable Charles S. Haight, Jr. of the   United States District Court for the District of

8

SUMMARY ORDER

Defendant-appellant Albir Alkhabbaz ("Alkhabbaz") appeals from the judgment of conviction of the United States District Court for the Southern District of New York (Preska, J.) entered on October 24, 2007, sentencing him in principal part to a term of imprisonment of 97 months, to be followed by a term of three years' supervised release. Alkhabbaz pleaded guilty to a six-count indictment charging him with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, wire fraud, in violation of 18 U.S.C. § 1343, conspiracy to launder money instruments, in violation of 18 U.S.C. § 1956(h), and three counts of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957(a). We assume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues raised on appeal.

■ Alkhabbaz argues that the district court erred in calculating his sentencing guideline range when it found, pursuant to U.S.S.G. § 3B1.4, that a two-level upward adjustment in his offense level was warranted because he used a minor to commit what the district court described as "the offense," increasing his total offense level from 28 to 30. The district court grouped Alkhabbaz's offenses and sentenced him pursuant to the money laundering guidelines. The U.S.S.G. § 3B1.4 upward adjustment applies, however, only if Alkhabbaz used a minor in the money laundering offense, rather than in the wire fraud offense from which the funds were laundered. See U.S.S.G. § 2S1.1, note 2(C) ("Chapter Three adjustment[s] shall be determined based on the offense covered by this guideline (i.e., the laundering of criminally derived funds) and not on the under-lying offense from which the laundered funds were derived."). As the government concedes, although there was sufficient evidence for the district court to find that Alkhabbaz used a minor to commit the wire fraud offense, there was insufficient evidence in the record from which the district court could reasonably have found that Alkhabbaz used a minor to commit the money laundering offense. Thus, the district court erred in applying a two-level enhancement to the money laundering offense level.

Because this error in calculating the Sentencing Guidelines renders Alkhabbaz's sentence procedurally unreasonable, we vacate the sentence and remand to the district court for resentencing consistent with this order. See United States v. Cavera, 550 F.3d 180, 190 (2d Cir.2008). We express no opinion as to whether the government has waived the argument that the district court should increase Alkhabbaz's total offense level beyond 28 on remand because the wire fraud count should be used in the grouping of Alkhabbaz's offenses. Cf. Greenlaw v. United States, ⸺ U.S. ⸺, 128 S.Ct. 2559, 2570 n. 8, 171 L.Ed.2d 399 (2008) ("The cross-appeal rule . . . does not confine the trial court. But default and forfeiture doctrines do. It would therefore be hard to imagine a case in which a district court, after a court of appeals vacated a criminal sentence, could properly increase the sentence based on an error the appeals court left uncorrected because of the cross-appeal rule."). We also do not consider whether Alkhabbaz may avoid resentencing by notifying the district court on remand that he does not wish to be resentenced. See United States v. Regalado, 518 F.3d 143, 149 (2d Cir. 2008).

Connecticut, sitting by designation.

■ Alkhabbaz also argues that he was denied the right to effective assistance of counsel because his attorney advised him to lie to the Probation Department by falsely claiming that he had a history of alcohol abuse and was well educated, purportedly so that he would receive a reduction in sentence and less severe conditions of confinement. Alkhabbaz conceded during oral argument before this Court that he was not prejudiced by his attorney's advice, *see Strickland v. Washington,* 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but asserts that his attorney's conduct created an actual conflict of interest, justifying a presumption of prejudice. *See Cuyler v. Sullivan,* 446 U.S. 335, 349–50, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) ("[A] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief."). This argument fails because Alkhabbaz does not allege that his attorney urged him to lie for the benefit of the attorney or for a third party, but rather for Alkhabbaz's own benefit, a benefit he agreed to attempt to receive by lying. Because Alkhabbaz and his attorney's interests did not diverge, Alkhabbaz failed to establish an actual conflict of interest. *See United States v. Schwarz,* 283 F.3d 76, 91 (2d Cir.2002) ("An attorney has an actual, as opposed to a potential, conflict of interest when, during the course of the representation, the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of action.") (internal quotation marks omitted). Accordingly, we dismiss Alkhabbaz's ineffective assistance of counsel claim with prejudice. *See United States v. Khedr,* 343 F.3d 96, 100 (2d Cir.2003) (stating that although it is often preferable that ineffectiveness claims be made in the first instance to the district court, we will consider them on direct appeal when "their resolution is beyond any doubt or to do so would be in the interest of justice." (internal quotation marks omitted)).

For the foregoing reasons, the district court's judgment of conviction is AFFIRMED, the sentence VACATED, and we REMAND to the district court for resentencing. Alkhabbaz's claim of ineffective assistance of counsel is DISMISSED with prejudice.