08-5403-cr
USA v. Perez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand ten.

PRESENT:   ROGER J. MINER,
           JOHN M. WALKER, JR.,
           GERARD E. LYNCH,
                          *Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,
                          *Appellee,*

            v.                                              No. 08-5403-cr

KEVIN HOWARD, also known as Aki, also known as Rahim, EDWARD SUAREZ, also known as Eddie, ARNALDO RAMOS, also known as Kiko, STANLEY JOHNSON, also known as Stan, LUIS MUNOZ, also known as Cano, DONALD ZOTTA, also known as Donny, CHRISTOPHER BATHERSFIELD,
                          *Defendants,*

RAFAEL PEREZ,
                          *Defendant-Appellant.*
-----------------------------------------------------------------

FOR APPELLANT:          DAVID L. LEWIS, Lewis & Fiore, New York, NY.

FOR APPELLEE:           JO ANN M. NAVICKAS and DAVID CAREY WOLL, JR., *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (David M. Trager, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment of conviction, entered on September 23, 2008, is AFFIRMED.

Rafael Perez appeals an amended judgment of conviction, entered after he pleaded guilty in the United States District Court for the Eastern District of New York (Trager, *J.*) to one count of conspiracy to possess and distribute more than one kilogram of heroin and more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A)(i) and 841(b)(1)(A)(iii). The district court first entered a judgment of conviction on March 21, 2007. Perez appealed, and, without reaching the merits of the appeal, we remanded for re-sentencing in light of *United States v. Regalado,* 518 F.3d 143 (2d Cir. 2008), since we were unable to discern from the record on appeal whether the district court, which had sentenced Perez before *Kimbrough v. United States*, 552 U.S. 85 (2007), was aware of its authority to impose a below-Guidelines sentence because it disagreed generally with the severity of the Guidelines for crack offenses. On remand, the district court sentenced Perez principally to 152 months in prison and five years of supervised release. In this appeal, Perez and his counsel file separate briefs. Through counsel, Perez challenges only his sentence. In his *pro se* brief, however, Perez challenges both his conviction and the procedural reasonableness of his sentence.

We address first the sentencing arguments made by Perez's counsel.

Through counsel, Perez argues first that a second *Regalado* remand is required because the sentencing court failed to state explicitly its understanding that the cocaine Guidelines could be disregarded based on substantive policy disagreement. *See Kimbrough*, 552 U.S. at 106-07 (emphasizing that crack cocaine guidelines are merely advisory).

*Regalado* remands are appropriate where "ambiguities in the record" make it impossible for us to discern whether the district court was aware that it could deviate from the Guidelines. *United States v. Keller*, 539 F.3d 97, 101 (2d Cir. 2008). In this case, the district court's understanding of the scope of its discretion was unambiguous. First, our remand order clearly stated that the district court had discretion to take into account any disagreement with the severity of the crack cocaine guidelines, and there is no reason to believe that the district court did not comprehend the reason we remanded the case for re-sentencing. Furthermore, Perez submitted a letter to the court arguing that the court could and should deviate from the crack cocaine guidelines, and he specifically reiterated this argument at the sentencing hearing. Since the record as a whole makes clear that the district court was aware of its discretion, the court was not required to explicitly proclaim as much. A district court need not recite any formula to show that it is aware of its discretion under *Kimbrough*. *Keller*, 539 F.3d at 101.

Perez also argues that his sentence of 152 months was substantively unreasonable. We review the substantive reasonableness of a sentence under an abuse-of-discretion

3

standard, and will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Rigas*, 583 F.3d 108, 122 (2d Cir. 2009) (emphasis and internal quotation marks omitted). In examining the substantive reasonableness of a sentence, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). We review the district court's factual findings for clear error. *United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir. 2005).

Perez argues that his sentence was unreasonable because the district court did not properly consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). Specifically, he argues that his term of imprisonment of 152 months is excessive in light of the district court's conclusions that he attempted to cooperate with the government after his arrest and that the conspiracy of which he was a part was "loosely organized," generally unarmed, and reaped only $1 million dollars in profits over its fifteen years of existence. While Perez accurately recites factual findings made by the district court, given the court's further finding that he was a leader of the conspiracy and given the fact that his sentence is well below the applicable Guidelines range for his crime, based on the district court's evaluation of the facts and circumstances of the case, including Perez's sincere but unproductive effort to cooperate, we cannot say that his sentence was not "within the range of permissible decisions" by the district court.

4

In his *pro se* supplemental brief, Perez reiterates the arguments made by his counsel, challenges the procedural reasonableness of his sentence, and challenges his conviction on the ground that his counsel was ineffective.

Perez's sentence was based on the Guidelines range calculated by his counsel at the re-sentencing hearing. ("It all adds up to 152. I did all the math.") Nonetheless, he argues that the sentence was the product of procedural error because the district court accepted as true certain facts in the presentence report that he contends were not supported by appropriate evidence. Specifically, he objects to findings in the PSR that he was a leader of the conspiracy and that he possessed a weapon.

Perez is incorrect in stating that his sentence was enhanced because of his possession of a weapon. The district court determined that no firearms enhancement was warranted. As to his other claims of procedural error, Perez waived any objections to the factual determinations of the PSR by failing to challenge them at the time of his sentencing. *See United States v. Rizzo*, 349 F.3d 94, 99 (2d Cir. 2003); *see also* Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact.").

Lastly, Perez argues that he received ineffective assistance of counsel at the time of his guilty plea, since his counsel failed to advise him that he had a potentially meritorious defense based on the statute of limitations. Perez, however, did not have a potentially meritorious statute of limitations defense. The limitations period for Perez's crime did not

begin to run until the last overt act of the conspiracy, which ended just weeks before he was indicted. *See United States v. Cianchetti*, 315 F.2d 584, 589 (2d Cir. 1963). Therefore, Perez's claim of ineffectiveness rests on an incorrect premise.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court