10-5123-cr
United States v. Buchanan

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
　　　　　　　　　　Chief Judge,
　　　　PIERRE N. LEVAL,
　　　　DEBRA ANN LIVINGSTON,
　　　　　　　　　　Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
　　　　Appellee,

　　　-v.-　　　　　　　　　　　　　　　　10-5123-cr

CITY OF NORWALK, MARC LEPORE, LISA M. BROWN, ARCADIA FINANCIAL LTD.,
　　　　Interested-Third-Parties,

JERMAINE BUCHANAN, a/k/a SKI,
　　　　Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:　　　　　Jeremiah Donovan, Law Offices of Jeremiah Donovan, Old Saybrook, CT.

1

**FOR APPELLEE:**                    Stephen B. Reynolds, Sandra S. Glover, *for* David B. Fein, United States Attorney for the District of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Jermaine Buchanan appeals the sentence imposed following a jury trial in the United States District Court for the District of Connecticut (Hall, J.), on convictions for violations of the Racketeering Influenced and Corrupt Organizations Act, violent crimes in aid of racketeering, and conspiring to distribute cocaine and cocaine base. See 18 U.S.C. §§ 1962(c), 1962(d), 1959(a); 21 U.S.C. §§ 846, 841(b)(1)(A). Buchanan challenges his sentence for substantive reasonableness. We have already affirmed Buchanan's conviction, but remanded to give the district court an opportunity to consider whether, in light of the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007), it would have deviated from the Sentencing Guidelines after considering the disparity between the Guidelines' treatment of crack and powder cocaine. United States v. Burden, 600 F.3d 204, 231 (2d Cir. 2010); see also United States v. Regalado, 518 F.3d 143, 149 (2d Cir. 2008) (per curiam) (articulating standard for remand following Kimbrough). We assume the parties' familiarity with the facts and procedural history, which is fully recited in our previous opinion.

Following our remand, the district court concluded that it would have imposed the same sentence even if fully aware of Kimbrough:

The court would determine the Sentencing Guidelines the same as they were originally determined in the initial sentencing, for a Guideline range of life imprisonment. While considering all of the section 3553(a) factors, the court is particularly informed in this case by the need to protect the public and for deterrence. Jermaine Buchanan is responsible for the murder of an innocent man, the crippling (paraplegia) of another,

2

and the attempted murder of a third person. While a street dealer, he played a critical part--enforcer--in a large volume, long-standing drug conspiracy. He has an extensive criminal history, primarily of assaultive conduct with a gun, beatings, and assault on a police officer.

Joint Appendix at 90-91.

We review a sentence for substantive reasonableness under a "deferential abuse-of-discretion standard," United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), and "will not substitute our own judgment for the district court's on the question of what is sufficient to meet the [18 U.S.C.] § 3553(a) considerations in any particular case." Id. A district court's sentence may be disturbed "only in exceptional cases where [its] decision cannot be located within the range of permissible decisions." Id. (internal quotation marks omitted). Our analysis is no different following a district court's decision not to resentence under Regalado, except that we ensure that the district court articulated its reasons for declining to do so. See Regalado, 518 F.3d at 149.

The sentence imposed was reasonable. Buchanan contends that the district court failed to accord sufficient weight to the need for and possibility of rehabilitation. Given the volume of crack involved, and the circumstances observed by the district court (above), we cannot say that the sentence of life imprisonment fell outside of the range of permissible sentences. See Cavera, 550 F.3d at 189.

Similarly, there is no valid challenge to the district court's consideration of the sentencing factors contained in 18 U.S.C. § 3553(a). "[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006). Buchanan has not identified any record evidence suggesting otherwise, and our own review of the sentencing proceedings has not indicated otherwise.

3

Finding no merit in Buchanan's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK