14-1285-cr
United States v. Young

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand and fifteen.

Present:
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges,*
> CHRISTINA REISS,
>> *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                No. 14-1285-cr

OSBORNE YOUNG,

> *Defendant-Appellant*.

_____

For Defendant-Appellant:      CHRISTOPHER BOOTH (Brandon Walters *on the brief*), Lipman & Booth, LLC, New York, NY *for* Osborne Young.

For Appellee:      MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney, Buffalo, NY.

_____

[*] Hon. Christina Reiss, United States District Court for the District of Vermont, sitting by designation.

1

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Following a jury trial, Osborne Young was convicted on charges of importing a controlled substance into the United States, 21 U.S.C. § 952, possessing with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and fraudulently importing merchandise into the United States, 18 U.S.C. § 545. Young, a self-employed truck driver, was arrested when twenty-six packages of 1-benzylpiperazine, also known as ecstasy, pills were found in the refrigeration unit of his tractor trailer when he crossed the United States border from Canada. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Young contends the district court erred in granting the government's motion *in limine* to exclude his expert testimony addressing drug traffickers' use of "blind mules." We review the district court's decision to exclude expert testimony under Federal Rule of Evidence 702 for abuse of discretion. *United States v. Williams*, 506 F.3d 151, 159–60 (2d Cir. 2007). Under Rule 702, district courts are charged with "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). In this case, the foundation for Young's blind mule theory consisted of his own testimony that a man named Raffi, who he had met in the Truck Town parking lot on the Canadian side of the border, had likely planted the drugs in his tractor trailer. Based on Young's testimony that Raffi gave him information regarding an order pickup

and that Young sent himself the information on his cell phone via text message, the trial court ruled that there was insufficient evidence in the record to support admission of the expert testimony.

We conclude that the district court did not abuse its discretion in excluding the testimony, given that Young provided so little factual basis to support its admission. Even if the trial court had erred in finding the evidence inadmissible, any such error would have been harmless beyond a reasonable doubt. *See* Fed. R. Crim. P. 52(a). Young was not prevented from presenting his blind mule theory of the case and indeed extensively relied on that theory throughout the trial. Considering the other strong evidence against Young, it is exceedingly unlikely that admission of the expert testimony would have affected the outcome.

Young further contends that the prosecution's reference during summation to his "non-reaction" when confronted with incriminating evidence by a border patrol agent infringed on his Fifth Amendment privilege against self-incrimination. As an initial matter, the government's contention that the prosecutor commented on the defendant's demeanor, not his silence, is unpersuasive. Although the officer testified during trial that the defendant was "calm" and "didn't make eye contact," referring to his demeanor, the prosecutor did not emphasize those facts during summation but instead emphasized the defendant's non-reaction, claiming it was evidence of his guilt. *See United States v. Velarde-Gomez*, 269 F.3d 1023, 1031 (9th Cir. 2001) (holding that, where defendant "did not physically or emotionally react when confronting incriminating evidence," government's comment on defendant's "non-reaction" passed judgment on his silence, not his demeanor, and infringed his privilege against self-incrimination).

We need not decide this question of whether the evidence that a suspect remained silent before he was arrested or taken into custody may be used in the government's case in chief or

3

referred to in its summation because, even assuming without deciding that the district court erred in allowing these isolated comments, the error was harmless. The prosecutor's comments were peripheral to the government's case. In any event, "[r]emarks of the prosecutor in summation do not amount to a denial of due process unless they constitute 'egregious misconduct.'" *United States v. Shareef*, 190 F.3d 71, 78 (2d Cir. 1999) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974)). "In assessing whether the comments complained of meet this test, we consider the severity of the misconduct, the measures adopted to cure it, and the certainty of conviction in the absence of the misconduct." *Id*. (internal quotation omitted). Here, the prosecutor's remarks on Young's "non-reaction" were not inflammatory or unfairly prejudicial. *Cf. id*. at 79 (concluding that accusations during summation that the defendant was a "liar" were not unduly prejudicial if supported by evidence). Further, the evidence against Young, while not overwhelming, was strong. *See id.* at 78.

Finally, Young contends that his sentence was procedurally and substantively unreasonable. This court reviews a district court's sentence for "reasonableness," a concept that encompasses both procedural and substantive review. *United States v. Cavera*, 550 F.3d 180, 187–89 (2d Cir. 2008) (en banc). We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Cavera*, 550 F.3d at 189 (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "This degree of deference is only warranted, however, once we are satisfied that the district court complied with the Sentencing Reform Act's procedural requirements," including proper calculation of the defendant's guideline range. *Id.* (emphasis omitted).

Young appeals the district court's application of a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. An enhancement under § 3C1.1 is required where the

4

district court determines that the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the . . . prosecution . . . of the instant offense of conviction . . . ." The district court's application of an obstruction-of-justice enhancement is subject to a mixed standard of review. *United States v. Cassiliano*, 137 F.3d 742, 745 (2d Cir. 1998). "The sentencing court's findings as to what acts were performed, what was said, what the speaker meant by her words, and how a listener would reasonably interpret those words will be upheld unless they are clearly erroneous." *Id.* "A ruling that the established facts constitute obstruction or attempted obstruction under the Guidelines, however, is a matter of legal interpretation and is to be reviewed *de novo*, giving 'due deference to the district court's application of the guidelines to the facts.'" *Id.* (quoting 18 U.S.C. § 3742(e)) (internal citations omitted).

Because the § 3C1.1 enhancement must be imposed only if the obstruction, or attempted obstruction, was "willful[]," application of the Guideline to such cases is generally limited to those in which "the defendant had the specific intent to obstruct justice." *Id.* at 747 (internal quotations and citations omitted). "In determining the intent with which a defendant acted, a district court is entitled to rely on circumstantial evidence and on all reasonable inferences that may be drawn from all of the evidence." *Id.* The facts necessary to support an obstruction-of-justice enhancement need be proven only by a preponderance of the evidence. *United States v. Khedr*, 343 F.3d 96, 102 (2d Cir. 2003).

Here, it was not error for the district court to find "that the defendant's denial of knowledge or possession of drugs was wholly inconsistent with the other testimony and evidence at trial as well as the jury's finding." Sentencing Hr'g Tr. 5. While we are mindful that the mere "fact that a defendant who testifies at trial is disbelieved by the jury and convicted is not alone

5

sufficient evidence of perjury to bring about sentence enhancement," *United States v. Shonubi*, 998 F.2d 84, 88 (2d Cir. 1993), Young's knowledge of the drugs was a specific element of the offenses for which he was tried.  His denial of knowledge during his direct testimony was wholly incredible, as the district court concluded, and could not be attributed to "confusion, mistake, or faulty memory." *Id.*  Thus, Young's testimony supported a finding that his "false testimony concerned material matters and was given with a willful intent to provide false testimony." *Id.*

Finally, Young asserts that his mid-Guidelines sentence of 166 months was substantively unreasonable.  Because Young provides no basis for his contention, we decline to address it. *See United States v. Regalado*, 518 F.3d 143, 149–50 (2d Cir. 2008) (noting that arguments not raised on appeal are ordinarily forfeited).

For these reasons, the judgment of the district court is AFFIRMED.


FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK