U.S. v. Jaramillo

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand nineteen.

PRESENT: AMALYA L. KEARSE,
DENNIS JACOBS,
PETER W. HALL,
<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

<u>Appellee</u>,

-v.-                                                           17-3133

PEDRO JARAMILLO,

<u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLEE:                              ANDREA M. GRISWOLD, Assistant
                                           United States Attorney (Daniel B.
                                           Tehrani, Assistant United States
                                           Attorney, <u>on the brief</u>) <u>for</u> Geoffrey S.
                                           Berman, United States Attorney for
                                           the Southern District of New York,
                                           New York, NY.


FOR DEFENDANT-APPELLANT:                    BRENDAN WHITE, White & White,
                                           New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, <u>J.</u>).


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.


Pedro Jaramillo appeals his sentence following his plea of guilty to commodities fraud and wire fraud in the Southern District of New York (Swain, <u>J.</u>). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.


Jaramillo argues that the sentence of 144 months' imprisonment--47 months above the guidelines range of 78 to 97 months--is procedurally and substantively unreasonable. Because Jaramillo did not challenge the procedural reasonableness of his sentence in the district court, we review for plain error. <u>United States v. Verkhoglyad</u>, 516 F.3d 122, 128 (2d Cir. 2008). If we find no procedural error, we review the substantive reasonableness of the sentence for abuse of discretion. <u>United States v. Regalado</u>, 518 F.3d 143, 147 (2d Cir. 2008) (per curiam).


The district court did not err. Judge Swain adduced reasons for her above-guidelines sentence that she believed were not adequately contemplated by the guidelines and which rendered Jaramillo's case unique, such as Jaramillo's lack

of remorse, the "utterly despicable" way he preyed on unsophisticated investors, App'x 134, the "unusual" "depravity" of his crimes, id. at 133, and the extensive non-financial harm his victims suffered. And although four points were added to Jaramillo's offense level because five or more victims suffered substantial financial hardship, Jaramillo defrauded no fewer than 26 victims, some of whom Jaramillo "knew could lose their homes and . . . were supporting sick and elderly people." Id. at 134.

As to substantive reasonableness, Jaramillo callously defrauded unsophisticated immigrant-investors, never actually investing a single dollar he collected from them and spending most of the money on himself. At sentencing, several victims described the impact of the fraud on their lives and the ways Jaramillo deceived them by encouraging them to invest all of their money with him, thus preventing them from putting their assets into prudent investments. Judge Swain noted the "profoundly devastating impact" of Jaramillo's "unspeakably awful" conduct, id. at 135, 142, as well as "the depravity . . . of his crime, the lack of credible remorse, and [his] ongoing danger to the public," id. at 136. After considering the 18 U.S.C. § 3553(a) factors, Judge Swain ultimately found that an above-guidelines sentence was necessary "to effectuate appropriate punishment, to deter Mr. Jaramillo and others, and to protect the publi[c] from fraudulent solicitations for a significant period of time." Id. at 136–37.

Under these circumstances, an above-guidelines sentence--even a sentence substantially above the top of the guidelines range--was not an abuse of discretion.

We have considered the Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3