**UNITED STATES of America,**
Appellee,

v.

**Jeffrey Earl HAMILTON, Also Known as Jeffrey Campbell, Also Known as Jeffrey Milton, Also Known as Chuckie, Defendant–Appellant.**

No. 07–2874–cr.

United States Court of Appeals, Second Circuit.

April 14, 2009.

Beth M. Farber, New York, NY, for Appellant.

Susan Corkery, Assistant United States Attorney, (John A. Nathanson, Assistant United States Attorney, of counsel), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON, Circuit Judges and Hon. JANE A. RESTANI,* Judge.

## SUMMARY ORDER

Jeffrey Hamilton was convicted of one count of conspiracy to import more than five kilograms of cocaine, 21 U.S.C. §§ 960(b)(1)(B)(ii), 963, and one count of conspiracy to possess more than five kilograms of cocaine with intent to distribute, 21 U.S.C. §§ 841(b)(1)(A)(ii)(II), 846, in the United States District Court for the Eastern District of New York. The district court (Ross, *J.*) sentenced Hamilton within the applicable U.S. Sentencing Guidelines ("Guidelines") range to 210 months imprisonment, five years supervised release, a $200 assessment, and special conditions that he not possess a "firearm, ammunition, or destructive device," or illegally reenter the United States if Hamilton were deported.

He claims his substantial rights were prejudiced by a variance between the al-

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

leged conspiracy for which he was indicted and the evidence presented at trial, which he argues tends to show that he was a member of multiple, disconnected conspiracies. He claims the evidence of each individual conspiracy may have been incorrectly used by the jury to find him guilty of the indicted conspiracy. He argues that two associates that helped him recruit couriers and import cocaine did not operate in concert and primarily imported cocaine from two different locations, Jamaica and Curacao.

Hamilton also claims the district court abused its discretion by failing to consider age-recidivism correlations in sentencing Hamilton to a sentence within the Guidelines, and he claims the district court committed plain error by being unaware that it could depart from cocaine Guidelines based on policy disagreements with the Guidelines. Lastly, he claims that the district court did not provide a sufficient explanation for its sentence and therefore the sentence was procedurally unreasonable. We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

### Conspiracy

■ Because Hamilton failed to raise the issue of prejudice before the district court, this Court reviews the conviction for plain error. *United States v. Keller*, 539 F.3d 97, 100 (2d Cir.2008). "To demonstrate plain error, a defendant must show (1) error, (2) that is plain at the time of appellate review, and (3) that affects substantial rights." *United States v. Quinones*, 511 F.3d 289, 316 (2d Cir.2007).

"To prove a single conspiracy, the government must show that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal." *United States v. Sureff*, 15 F.3d 225, 229 (2d Cir.1994) (in-

ternal quotation marks omitted). To determine whether there was a variance between the conspiracy indictment and the proof of conspiracy at trial this Court must determine: (1) "whether the government sufficiently proved the conspiracy alleged in the indictment, and that the defendant was a member of that conspiracy"; and (2) "if the evidence fails to support such a finding, ... whether the defendant was substantially prejudiced by the variance between the indictment and the proof." *United States v. Johansen*, 56 F.3d 347, 350 (2d Cir.1995).

To determine whether the government sufficiently proved the indicted conspiracy, when the defendant claims that the government used multiple, distinct conspiracies to prove one conspiracy, this Court "focus[es] on what agreement, if any, the jury could reasonably have found to exist vis-a-vis each defendant." *Id.* at 351; *see also United States v. Williams*, 205 F.3d 23, 32 (2d Cir.2000) ("Whether the government has proved a single conspiracy or multiple conspiracies is a question of fact for a properly instructed jury."). To do this, the Court first "review[s] the scope of the criminal enterprises actually proven at trial to evaluate whether any of them fits the pattern of the conspiracy alleged in the indictment." *Johansen*, 56 F.3d at 351. Second, the Court "weigh[s the defendant's] conduct and statements to determine whether a jury could reasonably infer that he participated in the alleged enterprise with a consciousness of its general nature and extent." *Id.*

The record supports the jury's finding that Hamilton participated in one overarching conspiracy to import and distribute cocaine. He and Gary Campbell engaged in a common scheme to recruit cocaine couriers and arrange cocaine importation and distribution during the entirety of the conspiracy. Dane Shuttle-

worth and Everold Miller also acted as recruiters in collaboration with Hamilton towards the same common end. The fact that Miller and Shuttleworth never directly interacted is irrelevant because both Miller and Shuttleworth were independently working with Hamilton and Campbell towards this common scheme, and their respective entering and leaving the conspiracy does not seem to have affected the continued perpetration of the scheme. *See Williams*, 205 F.3d at 33 ("A single conspiracy is not transposed into a multiple one simply by lapse of time, change in membership, or a shifting emphasis in its locale of operations.") (internal quotation marks and alterations omitted). Therefore, there is no plain error in the district court's conclusion that a reasonable jury could have found the existence of a single conspiracy.[1]

## Sentencing

■ Under *Gall v. United States*, this Court reviews the reasonableness of sentences for abuse of discretion, 552 U.S. 38, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007), even if those sentences were within the Guidelines, *see Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007); *see also United States v. Rutkoske*, 506 F.3d 170, 180 n. 5 (2d Cir.2007). Hamilton argues that the district court abused its discretion by failing to consider Hamilton's age and his reduced likelihood of recidivism.[2] He argues that because his case was decided before *Gall* and *Kimbrough* the district court was not

aware that it could consider an age-recidivism correlation.

Hamilton also asserts that he is entitled to a remand because, having imposed a sentence prior to *Kimbrough*, the district court was unaware of its discretion to impose a non-Guidelines sentence based on a policy disagreement with the cocaine Guidelines. Specifically, Hamilton argues that the "district court did not determine whether the [G]uideline based on a non-empirical determination driven by the weight of the drug, was, in and of itself, greater than necessary to fulfill the goals of sentencing." App. Br. 24.

The Guidelines are "the initial benchmark" from which district courts begin sentencing calculations but "are not the only consideration." *Gall*, 128 S.Ct. at 596. The district court must also consider the factors set forth in 18 U.S.C. § 3553(a) and make "an individualized assessment based on the facts presented." *Id.* at 597. Prior to *Gall* and *Kimbrough*, it was the rule in this Circuit that the district court could not consider policy disagreements with the Guidelines. *United States v. Trupin*, 475 F.3d 71, 76 (2d Cir.2007). That case was vacated by the Supreme Court in light of *Gall*. *Trupin v. United States*, —— U.S. ——, 128 S.Ct. 862, 169 L.Ed.2d 711 (2008); *see also United States v. Cavera*, 550 F.3d 180, 191 (2d Cir.2008) (recognizing abrogation).

The record shows that both Hamilton's counsel and the government raised the issue of age before the district court. Upon conclusion of these arguments, the district court stated that it considered

---

1. Because a jury could reasonably have found the existence of a single conspiracy, there is no variance from which Hamilton could have suffered prejudice.

2. Hamilton cites a 1994 report published by the Federal Bureau of Prisons stating that "56.6 percent of those 25 years of age or younger recidivated compared to 15.3 percent of those 55 years of age or older." Miles D. Harer, Recidivism Among Federal Prisoners Released in 1987, at 3 (1994), *available at* http://www.bop.gov/news/research_projects/published_reports/recidivism/oreprrecid87.pdf.

"each of the factors in the Sentencing Guidelines in the context of Mr. Hamilton's case" and sentenced Hamilton within the Guidelines. The commentary to the Guidelines' Criminal History chapter notes that it specifically excludes considering age as a factor that may correlate with recidivism. U.S.S.G. Ch. 4, Introductory Commentary. The district court, by its own admission, considered only "factors in the Sentencing Guidelines," and therefore, because an age-recidivism correlation is not in the Guidelines this Court cannot assume that the district court understood that it had discretion to consider the policy argument disagreeing with the Guidelines' refusal to consider age and its correlation with recidivism. Therefore, the district court abused its discretion in not taking into account policy considerations with regard to age recidivism not included in the Guidelines. Therefore, we vacate and remand for resentencing in light of *Gall* and *Kimbrough*.[3]

Hamilton's claim that the district court failed to consider its discretion to impose a non-Guidelines sentence based on a policy disagreement with the cocaine Guidelines is raised for the first time on appeal. In this situation, we review for plain error. "To demonstrate plain error, a defendant must show (1) error, (2) that is plain at the time of appellate review, and (3) that affects substantial rights. Where these conditions are met, we have discretion to notice a forfeited error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Regalado*, 518 F.3d 143, 147 (2d Cir.2008). Even assuming, *arguendo*, that the district court failed to appreciate

its discretion to consider general policy disagreements with the Guidelines, we do not think any failure by the district court to consider a potential policy disagreement with the weight-driven determinations in the cocaine Guidelines affected Hamilton's substantial rights or seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Cf. id.* at 148 ("[C]ases where [the district court failed to appreciate its discretion to impose a non-Guidelines sentence based on a policy disagreement with the 100 to 1 crack cocaine ratio] will . . . satisfy the third and fourth plain error factors given the judiciary's long-standing concerns about the severity of the crack Guidelines."). Thus, the district court need not consider Hamilton's cocaine Guidelines policy argument on remand.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED in part and VACATED in part and the case REMANDED for resentencing.

---

**3.** In light of this, we refrain from ruling on whether the district court provided a " 'reasoned basis for exercising [its] own legal decisionmaking authority.' " *Cavera*, 550 F.3d at 193 (quoting *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203

(2007)). We note that on remand, the district court should be mindful of the mandate in *Rita* that district courts "articulat[e] reasons, even if brief," in order to ensure that the "sentencing process is a reasoned process." *Rita*, 127 S.Ct. at 2469.