UNITED STATES of America,
Appellee,

v.

Cecil JACKSON, also known as Cecil
Simon, Defendant–Appellant.

No. 08–1718–cr.

United States Court of Appeals,
Second Circuit.

June 9, 2009.

Brian Sheppard, New Hyde Park, NY, for Defendant–Appellant.

Sylvia S. Shweder, Assistant United States Attorney (David C. James, on the brief), for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Cecil Jackson, a/k/a Cecil Simon ("Simon") appeals from an order entered in the United States District Court for the Eastern District of New York (Sifton, *J.* ), on March 25, 2008 denying his motion for a reduction in sentence pursuant 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

In February 2008, Simon moved for reduction pursuant to § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines, which, effective November 1, 2007, lowered the base offense level for crack cocaine offenses. *See* Amendments to the Sentencing Guidelines for the United States Courts, 72 Fed.Reg. 28,571–28,572 (2007). (On December 11, 2007, the Commission voted to apply this amendment retroactively, which meant that defendants sentenced under the former crack cocaine Guidelines would be eligible for a sentence reduction. U.S.S.G.

Supp. To App. C, Amend. 706, 713.) *See generally United States v. Regalado,* 518 F.3d 143, 150 (2d Cir.2008).

Section 3582(c)(2) states that a court "may reduce the term of imprisonment" based on a sentencing range that has subsequently been lowered but only "after considering the factors set forth in § 3553(a)" and determining whether such a reduction is consistent with policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Reduction is thus entirely discretionary, and the court has substantial latitude in determining whether a reduction is warranted.

The district court denied Simon's motion for a reduction because Simon, although eligible for a reduction, had already received a non-Guidelines sentence "principally, if not entirely, because I concluded that the crack guidelines overstated the seriousness of the offense." *United States v. Simon,* No. 90–cr–216(CPS), 2008 WL 820026 at *4 (E.D.N.Y Mar. 25, 2008). The district court also rejected Simon's argument that a further reduction was required to avoid unwarranted disparity with a co-defendant who had received a reduction pursuant to the recent crack-cocaine amendments.

We review a district court's decision to deny a motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Borden,* 564 F.3d 100, 104 (2d Cir.2009) (joining sister circuits in adopting the abuse-of-discretion standard of review for this Court's review of motions made pursuant to § 3582(c)(2)).

The district court's decision to deny Simon further reduction was no abuse of discretion. Simon had already received a benefit due to the sentencing court's determination that the crack-cocaine guidelines overstated the seriousness of his offense, and a further reduction would have been inconsistent with the applicable policy

statement issued by the Sentencing Commission: "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a further reduction generally would not be appropriate." U.S.S.G § 1B1.10(b)(2)(B). Moreover, there were reasonable explanations for the sentencing disparity between Simon and his co-defendant, i.e. Simon's higher criminal history category and disciplinary record in prison, including his disciplinary infractions post–2005. *See United States v. Ebbers,* 458 F.3d 110, 129 (2d Cir.2006).

We have considered Simon's remaining claims and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**