**UNITED STATES of America,**
Appellee,

v.

**Dionisio PEGUERO, Defendant–Appellant.**

No. 07–2306–CR.

United States Court of Appeals,
Second Circuit.

Aug. 19, 2009.

Jane Simkin Smith, Millbrook, NY, for Appellant.

Avi Weitzman, Assistant United States Attorney, (Katherine Polk Failla, on the brief), New York, NY, for Appellees.

Present DENNIS JACOBS, Chief Judge, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

### *SUMMARY ORDER*

Dionisio Peguero appeals from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*), sentencing him principally to 50 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Peguero pleaded guilty to one count of illegal reentry after having been deported as an aggravated felon, in violation of 8 U.S.C. § 1326(a) and (b)(2). His Guidelines range was 57–71 months. At sentencing, he sought a downward departure on the basis of, *inter alia*, his extenuating family circumstances, the lack of violence in his criminal record, and the lack of a Fast Track program in the Southern District of New York.

At Peguero's sentencing hearing, the district court stated: "I have the ability to do justice and depart [or impose] a sentence independently of the Guidelines, but my opinion is that that is reserved for really special situations, and I even then take the Guidelines into serious consideration." The district court then sentenced Peguero principally to 50 months' imprisonment, departing slightly downward from the Guidelines range in light of the time that Peguero spent in an immigration hold that he would not receive credit for as part of any federal sentence.

In the post-*Booker* era, *see United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), there is no "presumption, rebuttable or otherwise, that a Guidelines sentence is reasonable." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006). *See Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007) (a district court "may not presume that the Guidelines range is reasonable."); *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007) (noting that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply"); *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir.2008) (in banc) ("A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

Because the district court presumed that the Guidelines sentence was reasonable, it committed procedural error. *See Gall*, 128 S.Ct. at 597; *United States v. Regalado*, 518 F.3d 143, 150 (2d Cir.2008). We therefore vacate the judgment and remand for resentencing.