06-5231-cr
USA v. Ajetunmobi

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of November two thousand and nine.

PRESENT:

ROGER J. MINER,
JOSÉ A. CABRANES,
CHESTER J. STRAUB,
   *Circuit Judges*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

   *Appellee*,

v.                                                                    No. 06-5231-cr

PAUL AJETUNMOBI,
   *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

FOR APPELLANT:                          TINA SCHNEIDER, Portland, ME.

FOR APPELLEE:                           SHREVE ARIAIL, Assistant United States Attorney
                                        (Benton J. Campbell, United States Attorney, and Emily
                                        Berger, Assistant United States Attorney, *on the brief*),
                                        United States Attorney's Office for the Eastern District
                                        of New York, Brooklyn, NY.

Appeal from an October 25, 2006 judgment of conviction of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Paul Ajetunmobi ("defendant") appeals from an October 25, 2006 judgment of conviction entered after a jury found defendant guilty of importing into the United States one kilogram or more of heroin, *see* 21 U.S.C. §§ 952(a), 960(a)(1), (b)(1)(A), possessing with intent to distribute one kilogram or more of heroine, *see id.* § 841(a)(1), (b)(1)(A)(I), conspiring to import into the United States one kilogram or more of heroin, *see id.* §§ 963, 960(a)(1), (b)(1)(A), and conspiring to possess with intent to distribute one kilogram or more of heroin, *see id.* §§ 846, 841(a)(1), (b)(1)(A)(i). The District Court sentenced defendant principally to ninety-six months imprisonment.

On appeal, defendant claims that (1) his conviction should be overturned because the prosecutor impermissibly vouched for the credibility of the government's witnesses and (2) remand is required for the District Court to resentence defendant under *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008).

I.      **Impermissible "Vouching"**

Defendant challenges his conviction on the ground that the prosecutor impermissibly vouched for the credibility of the government's witnesses. Because defendant did not object to the alleged vouching at trial, our review is limited to plain error. *United States v. Newton*, 369 F.3d 659, 682 (2d Cir. 2004). "To demonstrate plain error, a defendant must show (1) error, (2) that is plain at the time of appellate review, and (3) that affects substantial rights. Where these conditions are met, we have the discretion to notice a forfeited error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Quinones*, 511 F.3d 289, 316 (2d Cir. 2007).

"It is, of course, well established that the prosecution may not vouch for its witnesses' credibility." *Newton*, 369 F.3d at 681. Vouching raises two concerns. First, vouching "may prejudice a defendant by suggesting to a jury that there is additional evidence, not introduced at trial but known to the prosecutor, that supports the witness's credibility." *Id.* Second, vouching "'carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.'" *Id.* (quoting *United States v. Young*, 470 U.S. 1, 18-19 (1985)).

After carefully reviewing the record, we conclude that the prosecutor's statements did not amount to impermissible vouching. Defendant challenges one statement in which the prosecutor told the jury that "you knew that [the government's witness] was telling you the truth, nothing more, nothing less." J.A. 56. Viewed in context, however, that statement was merely the prosecutor's argument to the jury about what "[t]he evidence shows." *Id.*

Defendant also challenges statements in which the prosecutor made arguments about the witnesses' motives for telling the truth. Those statements did not amount to vouching because they did not suggest to the jury that there was "additional evidence" in support of the witnesses' credibility and because they were not attempts to "induce the jury to trust the Government's judgment." *Newton*, 369 F.3d at 681. Moreover, even assuming that some of the prosecutor's statements were, in fact, impermissible vouching, defendant has not demonstrated plain error. *See id.* at 682.

Accordingly, we reject defendant's claim that his conviction should be overturned because the prosecutor impermissibly vouched for the credibility of the government's witnesses.

## II. Remand Under *Regalado*

Defendant argues that remand is required for the District Court to resentence defendant under *Regalado*, 518 F.3d 143. In *Kimbrough v. United States*, 552 U.S. 85, 91 (2007), the Supreme Court held that a sentencing judge, in exercising his or her discretion to vary from the United States Sentencing Guidelines under *United States v. Booker*, 543 U.S. 220 (2005), "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses." Prior to *Kimbrough*, however, "this Circuit tended to discourage district courts from deviating from the crack cocaine Guidelines," and thus "when a district court sentenced a defendant for a crack cocaine offense before *Kimbrough*, there was an unacceptable likelihood of error." *Regalado*, 518 F.3d at 147. In *Regalado*, therefore, we adopted the remand procedure of *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), and held as follows:

> Where a defendant has not preserved the argument that the sentencing range for the crack cocaine offense fails to serve the objectives of sentencing under § 3553(a), we will remand to give the district court an opportunity to indicate whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines to serve those objectives. If so, the court should vacate the original sentence and resentence the defendant. If not, the court should state on the record that it is declining to resentence, and it should provide an appropriate explanation for this decision. On appeal, if we have not already done so, we will review the sentence for reasonableness.

3

*Regalado*, 518 F.3d at 149. Such a remand is required unless "the record . . . unambiguously demonstrate[s] that the District Court was aware of its discretion to consider that the disparity between cocaine base and cocaine powder offenses in the United States Sentencing Guidelines might result in a sentence greater than necessary." *United States v. Keller*, 539 F.3d 97, 98 (2d Cir. 2008) (internal quotation marks and brackets omitted).

Here, however, defendant was sentenced for offenses relating to *heroin*, not crack cocaine, and defendant points to no authority holding that *Regalado* should be applied outside the context of the crack cocaine Guidelines. Even assuming, without deciding, that a *Regalado* remand might be appropriate outside the context of the crack cocaine Guidelines, defendant has provided no indication of how he would argue, on remand, that the heroin Guidelines in this case "fail[] to serve the objectives of sentencing under § 3553(a)." *Regalado*, 518 F.3d at 149. Indeed, in contrast to a *Regalado* remand, where a defendant would urge the district court to adopt a "disagreement with the policy underlying the crack-powder disparity in the Guidelines," *Keller*, 539 F.3d at 102, defendant has provided no account of what kind of "disagreement with . . . policy" he would urge the District Court to adopt on remand here.

Accordingly, we reject defendant's claim that remand is required under *Regalado*.

## CONCLUSION

For the reasons set forth above, the October 25, 2006 judgment of conviction is AFFIRMED.


FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

4