09-0219-cr(L), 09-0419-cr(Con)
USA v. Blue

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-sixth day of April, two thousand and ten.**

PRESENT:

> José A. Cabranes,
> Richard C. Wesley,
> > *Circuit Judges.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

United States of America,

> *Appellee,*

> v.                                                                  Nos.    09-0219-cr(L)
> > > > > > > > > > > > > > > > > > > > > > > > > > 09-0419-cr(Con)

Lee Blue and Ricky Blue,

> *Defendants-Appellants,*

Timothy Givens, also known as Florida Tim, Lawrence Givens, also known as Lawrence Albritton, also known as Lawrence Ruise, Bruce Blue, Solomon Renfroe, also known as Sal, Leonard Smith, also known as Lenny, Janeiro H. Tarver, also known as Juke, Dexter Clayton, also known as JP, Willie Brockington, also known as Big Man, Tyrone Holton,

---

\* The Honorable Rosemary S. Pooler, originally scheduled to be a member of the panel hearing this appeal, was unable to participate. The appeal has been decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

1

also known as Joe Blow, EILEEN MARQUEZ, also known as Queen B, ROSCOE SKINNER, and SHAWN WOODY, also known as Dirty,

*Defendants.***

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANTS-APPELLANTS:** Bruce R. Bryan, Syracuse, NY, *for defendant-appellant Ricky Blue.*

Lee Blue, *pro se*, Fairton, NJ, *for defendant-appellant Lee Blue.*

**FOR APPELLEE:** Stephen Baczynski, Assistant United States Attorney (Kathleen M. Mehltretter, United States Attorney, *on the brief*), Office of the United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from judgments of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment against defendant-appellant Ricky Blue is **AFFIRMED** and defendant-appellant Lee Blue's cause is **REMANDED** for resentencing consistent with this order.

Defendants-appellants Lee Blue and Ricky Blue ("defendants") appeal from the District Court's judgments dated December 12, 2008 and January 6, 2009, respectively.[1]  Both challenge only their sentences.  We briefly recount the post-conviction procedural history of their cases, but we assume the parties's familiarity with the remaining factual and procedural history.

Defendants were convicted of various crimes in 2002 related to their participation in a drug distribution enterprise.  Ricky Blue was sentenced to a term of life imprisonment for engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848.  Lee Blue was sentenced to 228 months' imprisonment for distributing 5 grams or more of cocaine base in violation of 21 U.S.C.

---

** The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

[1] Although defendants' initial notices of appeal were not timely, the government has waived any objection to untimeliness.  *See United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008) (holding that Fed. R. App. P. 4(b) is not jurisdictional and that the government may waive objection to an untimely appeal).

§ 841(a)(1).  Both appealed to this Court, with Lee Blue challenging only his sentence and Ricky Blue challenging both his conviction and sentence.  In a summary order dated June 1, 2005, we affirmed Ricky Blue's conviction but, in light of the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005), we remanded both sentences for further proceedings pursuant to our opinion in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).  *See United States v. Givens* (*Givens I*), Nos. 03-1109-cr et al., 2005 WL 1317015 (2d Cir. June 1, 2005).

On remand, the District Court determined that its original sentences would *not* "have been nontrivially different under the post-*Booker*[ ] regime," *Crosby*, 397 F.3d at 119, and, accordingly, declined to vacate its original sentences.  Defendants again appealed to this Court.

In a second summary order dated July 18, 2008, we concluded that the District Court erred in imposing a mandatory life sentence on Ricky Blue pursuant to 21 U.S.C. § 848(b) because "critical statutory factors" had been found by the judge, not the jury.  *United States v. Givens* (*Givens II*), Nos. 05-5189-cr et al., 2008 WL 2796341, at *3 (2d Cir. July 18, 2008).  We therefore vacated Ricky Blue's sentence and remanded for resentencing under 21 U.S.C. § 848(a).

We also remanded Lee Blue's sentence in light of *Kimbrough v. United States*, 552 U.S. 85 (2007), and pursuant this Court's decision in *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008).  *Regalado* adopted *Crosby*'s procedure of remanding sentences to allow the District Court (1) to consider whether it would have imposed a different sentence in light of intervening Supreme Court precedent, and, (2) if so, to vacate the original sentence and resentence the defendant.  *See Regalado*, 518 F.3d at 149.  Although we indicated that we were remanding Lee Blue's sentence "pursuant to" *Regalado*, our summary order "vacated" his original sentence and remanded the case "for full re-sentencing."  *Givens II*, 2008 WL 2796341, at *1, *3.  Thus, despite purporting to remand "pursuant to" *Regalado*, we did not, in fact, follow the procedure set forth in *Regalado* and *Crosby*.

On remand for the second time, the District Court resentenced Ricky Blue to 360 months' imprisonment, which was at the high end of the sentencing range prescribed by the United States Sentencing Guidelines ("Guidelines").  At Lee Blue's resentencing hearing, the District Court construed our (admittedly unclear) summary order as having vacated Lee Blue's sentence, even though that was "somewhat at odds with the *Regalado* case."  Gov't App. 33-34.  At the conclusion of the proceedings the District Court stated as follows:

> The Court having considered the *Regalado* decision and the sentencing factors set forth in 18 U.S.C. Section 3553 . . . [a]nd its overall charge to impose a sentence sufficient but not greater than necessary to comply with those requirements is vacating, to the extent it needs to, the original sentence, and is resentencing Mr. Leander Blue, Lee Blue, to 168 months['] incarceration.

3

*Id.* at 51. Despite resentencing Lee Blue, the District Court never ordered a new presentence investigative report ("PSR") and did not give Lee Blue the opportunity to address the Court at his sentencing hearing.

## I.   Ricky Blue's Sentence

On appeal Ricky Blue argues that his sentence was (1) substantively unreasonable in light of his advanced age and the sentences received by similarly situated co-defendants, and (2) procedurally unreasonable because the District Court did not fully appreciate its authority to impose a non-Guideline sentence for crack cocaine offenses.

We find no substantive error in the District Court's decision to impose a sentence of 360 months' imprisonment. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (noting that we will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions"); *see also United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (explaining that substantive unreasonableness is akin to the "manifest-injustice," and "shocks-the-conscience" standards employed in other contexts). The District Court carefully considered the 18 U.S.C. § 3553 factors, including Ricky Blue's age, but concluded that they did not warrant a lower sentence. With respect to disparity, the District Court noted that Ricky Blue's most comparable co-defendant was Timothy Givens, and that Givens had actually received a greater sentence. *Cf. United States v. Fernandez*, 443 F.3d 19, 28 (2d Cir. 2006) ("[W]e hold that . . . a disparity between *non-similarly situated* co-defendants is not a valid basis for a claim of error under 18 U.S.C. § 3553(a)(6)."). We find no error in the District Court's analysis and therefore conclude that Ricky Blue's sentence is not substantively unreasonable.

We also find no procedural error in the District Court's sentence. The District Court fully understood that, under *Kimbrough*, it could vary from the Guidelines because of the disparity between the recommended sentences for crack cocaine offenses and powder cocaine offenses. It concluded, however, that the crack-to-powder disparity had no impact on Ricky Blue's sentence based on the large amount of powder cocaine that was also attributable to him.

In sum, Ricky Blue's sentence is neither substantively nor procedurally unreasonable. Accordingly, we affirm the District Court's judgement with respect to Ricky Blue.

## II.   Lee Blue's Sentence

Lee Blue advances a number of arguments on appeal including (1) that his sentencing counsel was ineffective for failing to make certain objections to the Guidelines calculations at his resentencing, (2) that the District Court erred in determining the quantity of drugs attributable to

him, and (3) that the District Court erred in not ordering a new PSR and in denying Lee Blue the opportunity to speak at his sentencing. We conclude that a remand is required for the District Court to conduct a full resentencing in accordance with our July 18, 2008 order.

As noted above, our July 18, 2008 summary order remanding Lee Blue's case for further proceedings was far from clear. Ordinarily, when we remand a sentence pursuant to *Regalado*, the decision to vacate the original sentence is left to the District Court. *See* 518 F.3d at 149. In this case, however, *we* vacated the original sentence *and* remanded pursuant to *Regalado*. Moreover, we ordered a "full re-sentencing" for Lee Blue. *See Givens II*, 2008 WL 2796341, at *1, *3.

Although remands based on a "specific sentencing error" are not ordinarily subject to a full resentencing, "we must look to both the specific dictates of the remand order as well as the broader spirit of the mandate" to determine the proper scope of proceedings on remand. *United States v. Quintieri*, 306 F.3d 1217, 1227 (2d Cir. 2002) (internal quotation marks omitted). Here, the remand order explicitly provided that Lee Blue's sentence was vacated *and* required the District Court to conduct a "*full* re-sentencing." *Givens II*, 2008 WL 2796341, at *1, *3 (emphasis added). Thus, despite the ordinary procedure called for by *Regalado*, we conclude that the District Court was required to comply with the specific terms our July 18, 2008 order and conduct a full resentencing of Lee Blue.

We therefore remand for a full resentencing in accordance with our July 18, 2008 order. Such resentencing shall be preceded by the preparation of a new PSR, *see* Fed. R. Crim. P. 32, and Lee Blue shall be given the opportunity to address the Court at the sentencing hearing, *see* Fed. R. Crim. P. 32(i)(4). In light of our decision to remand for a full resentencing we do not reach Lee Blue's remaining arguments.

## CONCLUSION

In accordance with the foregoing we **AFFIRM** the District Court's judgment with respect to Ricky Blue. With respect to Lee Blue, we **REMAND** the cause for full resentencing consistent with this order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5