09-3323-cr
United States of America v. Portee

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                            <u>Chief Judge</u>,
            ROGER J. MINER,
            RICHARD C. WESLEY,
                            <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
            <u>Appellee</u>,

            -v.-                                    09-3323-cr

OMAR PORTEE, also known as OG Mack, The Godfather of the Bloods, The Big Homey, The Unknown, Anybody Killer, The Almighty, The Panther, The Big Lion, Omar Porter, Amar Porter, John Varfley, Pierre Johnson, Ron Johnson, and John Johnson,
            <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**     Donna R. Newman, Law Office of Donna R. Newman, Esq., New York, NY.

**FOR APPELLEE:**     Katherine Polk Failla, Assistant United States Attorney (Elizabeth F. Maringer, Assistant United States Attorney, on the brief), for United States Attorney Preet Bharara, United States Attorney's Office for the Southern District of New York, New York, NY.

Appeal from two orders of the United States District Court for the Southern District of New York (Buchwald, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the orders of the district court be **AFFIRMED.**

Defendant-appellant Omar Portee appeals from two orders of the United States District Court for the Southern District of New York (Buchwald, J.), which declined to resentence Portee after remands from this Court. Specifically, on April 24, 2006, the district court declined to resentence Portee after remand pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), and, on July 22, 2009, the district court declined to resentence Portee after remand pursuant to United States v. Regalado, 518 F.3d 143 (2d Cir. 2008). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Portee argues that in sentencing him the district court procedurally erred by failing to (1) recalculate the advisory Guidelines range, (2) properly consider his background and character, and (3) address his arguments about redundancies in the Guidelines calculation and an unwarranted disparity between his sentence and the sentences of his co-defendants. Portee further argues that (4) his sentence of 50 years is substantively unreasonable. Following review for "reasonableness," United States v. Williams, 475 F.3d 468, 474 (2d Cir. 2007), Regalado, 518 F.3d at 149, which "is akin to review for abuse of discretion," United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006), we conclude that Portee's arguments lack merit.

1.  The district court was not required to recalculate Portee's advisory Guidelines range. See Regalado, 518 F.3d

at 149 (adopting the "Crosby mechanism" in which this Court "remand[s] to give the district court an opportunity to indicate whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines"); Crosby, 397 F.3d at 117 (explaining that a Crosby remand is "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence, now fully informed of the new sentencing regime").  Moreover, the district court determined that even using Portee's requested 1:1 crack-to-powder ratio, the advisory Guidelines range remained 360 months to life imprisonment.  We find no procedural error regarding this issue.

2.  There is no indication in the record that the district court failed to properly consider Portee's background and character.  See Fernandez, 443 F.3d at 29 ("[W]e entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise.  This presumption is especially forceful when, as was the case here, the sentencing judge makes abundantly clear that she has read the relevant submissions and that she has considered the § 3553(a) factors.").  At the initial sentencing hearing, the district court observed "the absence of much, if anything, on the positive side of the ledger" to weigh against the factors it relied upon in reaching the 50-year sentence:

> Mr. Portee is the admitted founder of the Bloods, a violent gang which operates both in prison and on the street.  I have also considered the amount of violence and lawlessness that Mr. Portee has encouraged and the degree to which he has glorified violence and lawlessness and also the frequency that Mr. Portee involved impressionable young people in his life of crime, the disruption he caused in his own neighborhood, the fact that he himself has lived a life of crime, [and] the pain that his crime has caused others . . . .

Moreover, the district court expressly noted its consideration of "the history and characteristics of the defendant."  On the Crosby remand, the district court explained that it had "explicitly considered the § 3553(a) factors in determining that [Portee] was not deserving of a

3

sentence in the low end of the Guidelines range," reiterated the seriousness of the crimes of conviction, underscored Portee's criminal history, and addressed Portee's youth and background at the time of certain criminal conduct.  The district court concluded that "[t]here are no facts presented that alter the original, individualized calculus reached.  Although we are sympathetic to Portee's health problems, and understand that his family desires that his sentence be reduced, this is an inappropriate case for resentencing."  On both the Crosby and Regalado remands, the district court quoted a portion of the sentencing transcript excerpted in part above that expressly addressed Portee's background and characteristics.  We find no procedural error regarding this issue.

3.  Although the district court did not expressly address every argument presented, the sentence imposed is nevertheless reasonable. See Fernandez, 443 F.3d at 30 ("[N]o robotic incantations are required to prove the fact of consideration, . . . and we will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." (internal quotation marks and citations omitted)).  On the Crosby remand, the district court quoted a portion of the sentencing transcript acknowledging that it expressly considered "the traditional and statutory factors of the nature and circumstances of the offense, the history and characteristics of the defendant and the need for a sentence to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes by this defendant."  The district court also "reiterate[d] the specific factors that were considered in arriving at the fifty-year sentence that was imposed," including "the seriousness of the crimes for which [Portee] was convicted" and "Portee's criminal history."  Regarding Portee's unwarranted disparity sub-argument, the district court expressly noted its consideration of "the need for proportionality in Mr. Portee's sentence and that of his co-defendants."  These explanations and observations reveal that the district court sufficiently "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] legal decisionmaking authority."  Rita v. United

4

*States*, 551 U.S. 338, 356 (2007). We find no procedural error regarding this issue.

4. The 50-year sentence is substantively reasonable. The factors on which the district court relied--the seriousness of the crimes of conviction, deterrence, and protection of the public--"can bear the weight assigned [them] under the totality of the circumstances in the case." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc). Our review of the record indicates that the district court considered the factors set forth in 18 U.S.C. § 3553(a) and carefully determined that a sentence of 50 years--within the Guidelines range of 30 years to life--was appropriate. Accordingly, this is not an "exceptional case[] where the trial court's decision cannot be located within the range of permissible decisions." Id. at 189 (internal quotation marks omitted). We find no substantive error regarding the 50-year sentence.

We have considered all of Portee's contentions on this appeal and have found them to be without merit. Accordingly, the orders of the district court are hereby **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5