09-1060-cr
**United States v. Medley (Bivins)**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of July, two thousand and ten.

Present:     WILFRED FEINBERG,
             RALPH K. WINTER,
             ROSEMARY S. POOLER,
                   *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                                          *Appellee*,

            -v-                                        (09-1060-cr)

JOSEPH MEDLEY,

                                          *Defendant-Appellant*.

_____

Appearing for Appellee:      Joseph J. Karaszewski, Assistant United States Attorney (Terrance P. Flynn, United States Attorney, *on the brief*), Western District of New York, New York, N.Y.

Appearing for Appellant:     Bruce R. Bryan, Syracuse, N.Y.

Appeal from the United States District Court for the Western District of New York (Elfvin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that said District Court's judgment be and it hereby is **AFFIRMED**, and the cause **REMANDED** for consideration of whether resentencing is appropriate pursuant to *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008).

On November 12, 2008, this panel dismissed Joseph Medley's appeal for lack of jurisdiction, and remanded to the district court with directions for the court to enter a new judgment. The district court did so, and Medley filed a timely appeal. The appeal returned to this panel pursuant to *United States v. Jacobson*, 15 F.3d 19, 21-23 (2d Cir. 1994). We assume the parties' familiarity with the facts, proceedings below, and the issues raised on appeal.

Joseph Medley appeals from a judgment of conviction entered on July 1, 2005 in the United States District Court for the Western District of New York (Elfvin, *J.*), following a jury trial, for one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and two counts of use of a communication facility to commit a drug trafficking offense in violation of 21 U.S.C. § 843(b).

## I. Double Jeopardy

Three weeks prior to the start of the federal trial, Medley was tried in state court, and acquitted of charges stemming from drugs found during a search of his home on October 8, 1999. The Double Jeopardy Clause does not prevent successive prosecutions of an individual for the same act by two different sovereigns. *Heath v. Alabama*, 474 U.S. 82, 88 (1985). Medley, however, argues that the "state and federal prosecutions [were] so intertwined as to undermine the assumption that two supposedly independent criminal actions were prosecuted by separate sovereigns." *United States v. Coonan*, 938 F.2d 1553, 1563 (2d Cir. 1991).

Medley offers no basis to conclude that the state and federal prosecutors were doing anything other than cooperating. *See id.* ("The key criterion in determining whether the application of this exception is warranted is not the extent of control exercised by one prosecuting authority over the other but rather the ultimate source of the power under which the respective prosecutions were undertaken.") (quotation marks and alterations omitted). His claim of collusion rests on his observations that: (1) the state trial occurred three weeks prior to the federal trial; and (2) the federal prosecutor made explicit reference to the fact that Medley was arrested on state charges. These facts provide no basis for a finding that the state and federal prosecutors were acting in concert.[1]

## II. Extra-Record Information

Medley argues that the district court erred in not granting a mistrial after a juror viewed Medley in handcuffs. Although "extra-record information that comes to the attention of a juror is presumptively prejudicial . . . . the presumption may be rebutted by a showing that the information is harmless," *United States v. Hillard*, 701 F.2d 1052, 1064 (2d Cir. 1983) (quotation marks and citation omitted), and a "trial court has wide discretion in deciding how to

---

[1] Medley also argues that the district court improperly admitted the fact of his prior acquittal. It was, however, Medley's own attorney who made reference to the acquittal.

pursue an inquiry into the effects of extra-record information." *Id.*

Here, the probability of prejudice (or the likelihood that the information was harmful) is practically non-existent as the juror who allegedly saw Medley was dismissed the same day and did not participate in deliberations. Therefore, any potential prejudice was harmless.

III.     Constructive Amendment of the Indictment

Medley argues that the indictment was constructively amended because it charged him with a conspiracy involving 5 kilograms of cocaine, under 21 U.S.C. § 841(b)(1)(A), but the jury convicted him of a conspiracy involving 3.5 kilograms of cocaine, under 21 U.S.C. § 841(b)(1)(B).

There was no error here. A conspiracy involving 3.5 kilograms of cocaine is a lesser included offense of a conspiracy involving 5 kilograms of cocaine. *See* Fed. R. Crim. P. 31(c)(1) ("A defendant may be found guilty of . . . an offense necessarily included in the offense charged");*United States v. Gaskin*, 364 F.3d 438, 453-54 (2d Cir. 2004); *United States v. Diaz*, 176 F.3d 52, 100-01 (2d Cir. 1999).

IV.     Expert Testimony

Medley argues that the district court improperly admitted testimony by a case agent on the meaning of code words used by the participants in intercepted telephone conversations because the agent was not sufficiently qualified as an expert and strayed beyond the scope of expert testimony by testifying about terms that were unique to the conspiracy itself.

"[W]e have consistently upheld the use of expert testimony to explain both the operations of drug dealers and the meaning of coded conversations about drugs." *United States v. Dukagjini*, 326 F.3d 45, 52 (2d Cir. 2003). We have, however, also expressed concerns about the use of a case agent as an expert witness because it "increases the likelihood that inadmissible and prejudicial testimony will be proffered," *id.* 53, and that the case agent will "stray from the scope of his expertise." *Id.* at 55. Medley, however, has not pointed to parts of the agent's testimony which either strayed from the scope of the agent's expertise or were otherwise inadmissible.  The district court did not abuse its discretion in allowing the testimony.

V.     Sufficiency of the Evidence

Medley argues that the evidence was insufficient to show that he was part of a conspiracy to distribute cocaine or that he was the owner of the found cocaine. We disagree.

It is well settled that a defendant seeking to overturn a conviction based upon insufficiency of the evidence bears a heavy burden. *United States v. Santos*, 541 F.3d 63, 70-71 (2d Cir. 2008). A conviction must be affirmed if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The evidence presented by the government included: transcripts of telephone

conversations on three separate dates between Medley and co-conspirators Bivins and Castillo that were drug-related, as well as testimony by Castillo that the conversations related to a two kilogram cocaine deal for $45,000; (2) testimony that police seized three ounces of cocaine and $11,000 in cash from Medley's house on October 8, the day after Bivins and Medley had a conversation in drug-coded language; (3) evidence that after Medley's arrest, he had a telephone conversation with Bivins referencing seized money. Based on this evidence, a rational trier of fact could have found that Medley was part of a conspiracy to possess with intent to distribute cocaine. The evidence was, therefore, sufficient.

V.      Remand Under *Regalado*

The parties agree that a remand pursuant to *United States v. Regalado* is warranted. 518 F.3d 143 (2d Cir. 2008). In *Regalado* we held that:

> Where a defendant has not preserved the argument that the sentencing range for the crack cocaine offense fails to serve the objectives of sentencing under § 3553(a), we will remand to give the district court an opportunity to indicate whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines to serve those objectives.  If so, the court should vacate the original sentence and resentence the defendant.  If not, the court should state on the record that it is declining to resentence, and it should provide an appropriate explanation for this decision.

*Id*. at 149.

We agree with the parties that a *Regalado* remand is appropriate here.

Accordingly, the judgment of the district court hereby is AFFIRMED, and the cause REMANDED for consideration of whether resentencing is appropriate pursuant to *Regalado*.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4