09-2909-cr
U.S. v. DeJesus

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

_____At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of September, two thousand ten.

PRESENT:   JON O. NEWMAN,
           REENA RAGGI,
                    *Circuit Judges*,
           JED S. RAKOFF,
                    *District Judge*.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,

                *Appellee*,

     v.                                No. 09-2909-cr

FELIX DeJESUS,

                *Defendant-Appellant*.

---------------------------------------------------------------------

APPEARING FOR APPELLANT:    DAN E. LaBELLE, Halloran & Sage LLP, Westport, Connecticut.

APPEARING FOR APPELLEE:    JAMES R. SMART, Assistant United States Attorney (Michael J. Gustafson, Assistant United States Attorney, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, Connecticut.

---

   * District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 6, 2009, is AFFIRMED.

Defendant Felix DeJesus, who was convicted following a jury trial of one count of conspiracy to possess with intent to distribute 1,000 grams or more of heroin and one count of conspiracy to possess with intent to distribute fifty grams or more of crack cocaine, see 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, challenges the substantive reasonableness of his 300-month sentence, imposed after remand from this court pursuant to United States v. Regalado, 518 F.3d 143 (2d Cir. 2008). See United States v. Rosario, 280 F. App'x 78, 80 (2d Cir. 2008) (instructing district court to consider whether it would have imposed non-Guidelines sentence in light of discretion to deviate from crack cocaine Guideline and inviting consideration of disparity in sentences imposed on DeJesus and his brother). We review the reasonableness of a sentence for abuse of discretion and will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (emphasis in original) (internal quotation marks omitted); United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007). In undertaking this review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

DeJesus submits that his sentence is substantively unreasonable because it is greater than necessary to achieve the goals of sentencing and fails adequately to account for his disadvantaged youth, the brevity of his previous terms of incarceration, and his steps toward rehabilitation. We are not persuaded.

The challenged 300-month sentence reflects a five-year reduction from the thirty-year prison term originally imposed. That reduction was made in consideration of DeJesus's claim that the original thirty-year term sentenced him to twenty months more imprisonment than his brother, whose criminal history category and offense level were higher and who also played a significant a role in the charged conspiracy. See United States v. Rosario, 280 F. App'x at 80.[1] The district court plainly considered and credited DeJesus's rehabilitation efforts when, at the original sentencing, it cited this ground to support a downward departure from offense level 43 to 42. As for the remaining mitigating factors, the district court considered them outweighed by the defendant's long criminal record, history of violence, and supervisory role in what the district court described as "one of the worst drug conspiracies" to have operated in the Bridgeport area. Sent'g Tr. at 72; United States v. DeJesus, No. 00 Cr. 227 (D. Conn. Apr. 30, 2007) (Ruling and Order Regarding Crosby Remand, at 2). This assessment was informed by insight gained from three trials pertaining to the charged

---

[1] As noted, the remand order also instructed the district court to consider, pursuant to United States v. Regalado, whether it would have imposed the same sentence in light of its discretion to deviate from the crack cocaine Guideline. The district court declined to adjust the sentence on this basis in light of the substantial amounts of heroin involved in the crime of conviction. DeJesus does not challenge this aspect of the district court's sentencing determination.

3

conspiracy and the imposition of dozens of sentences on members of the criminal scheme. In these circumstances, we conclude that the district court acted well within its discretion in imposing the challenged sentence, see Gall v. United States, 552 U.S. 38, 51-52 (2007) (discussing institutional advantages of district court); accord United States v. Jones, 531 F.3d 163, 170-71 (2d Cir. 2008), and we reject the claim of substantive unreasonableness as without merit, see United States v. Cavera, 550 F.3d at 189.

We have considered DeJesus's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4