09-3636-cr
United States v. Reed

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of November, two thousand ten.

PRESENT: DENNIS JACOBS,
                    **Chief Judge**,
            AMALYA L. KEARSE,
            CHESTER J. STRAUB,
                    **Circuit Judges**.


- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

        Appellee

        -v.-                                09-3636-cr

ALBERT REED, SR.,

        Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:      JONATHAN J. EINHORN, New Haven, CT.

**FOR APPELLEE:**       H. GORDON HALL, Assistant United States Attorney (RAYMOND F. MILLER, Assistant United States Attorney, <u>of counsel</u>), for David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, <u>C.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment of the district court be **AFFIRMED.**

Defendant-appellant Albert Reed, Sr., appeals from the denial of his motion for reconsideration of his sentence under 18 U.S.C. § 3582(c)(2).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Except in a few narrow circumstances, a court may not modify a term of imprisonment once it has been imposed. <u>See</u> 18 U.S.C. § 3582(c).  One exception permits a court to reduce a sentence based on a sentencing range that was subsequently lowered by the Sentencing Commission. <u>Id.</u> § 3582(c)(2).

Reed concedes on appeal that the original basis for his § 3582(c)(2) motion, Amendment 715 to the Sentencing Guidelines, applies only to defendants who possessed multiple controlled substances, which does not include him. He argues that his sentence should be reconsidered nonetheless in light of recent precedent such as <u>United States v. Regalado</u>, 518 F.3d 143 (2d Cir. 2008), which highlight a sentencing court's discretion with cocaine base guidelines.  This argument is foreclosed by <u>Dillon v. United States</u>, which holds that § 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."  130 S. Ct. 2683, 2690-91 (2010).  Moreover, after the reduction in his sentence from his first motion for reconsideration, Reed is now sentenced based upon a career offender sentencing range. <u>See</u> U.S.S.G. § 4B1.1.  Therefore, Reed is ineligible for any further drug offense reductions, because his sentence is no longer "based on" a drug sentencing range for purposes of § 3582(c)(2).

We have considered all of Reed's contentions on this appeal and have found them to be without merit.

2

Accordingly, the judgment of the district court is **AFFIRMED**.


                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK